## F. BARNARD V. W. S. GOOD.

1. MISTAKE—CALLS IN PATENT.—All the descriptive calls in a patent must be taken together, and where, by a clerical error, a course is called in the patent for one of the lines different from that in the survey as made, and which mistake is corrected by the other calls, the patent will not convey the land included in the lines as affected by the mistake.

2. SAME.—Where a survey was made in a square, and the county map and the map in the land office show such to be its shape, and the lines as called for in the patent are of equal length, but the course of one of the lines is "S. 85° E." instead of "S. 56° E:" *Held*, That the error was corrected on the face of the patent, and that the excess caused by the extension of the two lines affected by the mistake in the course was not appropriated by the patent.

APPEAL from Colorado. Tried below before the Hon. Livingston Lindsay.

Barnard brought trespass to try title against Good, claiming a tract of land lying northeast of and adjoining the Patrick Reel survey, as it appears on the maps of the land office and in the office of the county surveyor, the dividing line between the Reel tract and that sued for being in the direction S. 56° E.

The defense set up was the patent to Reel, in which the call was S. 85° E., by which and the extension of the lines of the Reel survey to close the survey, the greater part of the land sued for was appropriated.

It appeared that the mistake in the call must have been made in the land office, and that the actual survey of the Reel tract had been made as claimed by the plaintiff. The Reel patent called for four lines of equal length, and only different from the field-notes of the survey in the call as above.

On the trial the court instructed the jury—

"That the patent calls of Patrick Reels embraces the land sued for." * * * "Even if the jury believe from the evidence that a mistake was made in the patent to Reels' heirs, a subsequent and junior grant by the State of

a part of the same land does not disturb the right or title of the first grantee. If there was a mistake made by the officers of the Government it can only be corrected by the Government itself. A subsequent locator has no right or authority to correct it, and no legal or equitable right to complain of it.

"When the State grants by patent any portion of her public domain to one of her citizens, whether it be much or little, she cannot afterwards grant it to another until she has actually revoked it by some appropriate proceedings instituted for that purpose."

The plaintiff asked the following charges, which the court refused:

"1st. That the original field-notes of the survey are *prima facie* evidence of the actual land appropriated by the Pattrick Reels headright.

"2d. That the land surveyed for Patrick Reels by the surveyor at the date of the location is the land appropriated to his certificate.

"3d. That if the jury believe from the evidence that there is an error in the patent, and that the calls in the patent are different from the land surveyed, they will find for the plaintiff all the land not included in the original field-notes.

"4th. That the land that was actually surveyed by the surveyor is the land of the defendant, and that any land not included in the field-notes of the survey as made by the surveyor at the time of the survey of the Reels survey belongs to the plaintiff.

"5th. That the defendant cannot claim more than the $13\frac{1}{2}$ labors, unless the excess is contained in the survey as made by the surveyor."

There was a verdict and judgment for defendant. Motion for new trial overruled, and Barnard appealed.

*F. Barnard,* for appellant.

IRELAND, ASSOCIATE JUSTICE.—The shape of the tract of land included in the Reels grant was intended to be a square.

This is shown by both the original field-notes, as shown by the survey in Colorado county, and the patent. The patent to the heirs of Reels does not purport to convey, and in fact does not convey, any more or different land than is covered by the original field-notes as recorded and on file in Colorado county. In the patent and field-notes of the survey the length of the lines of the four sides are the same.

The difficulty grew out of the course of the second line. It should have been south 56° east, whereas it is south 85° east. The distance, however, is the same, and hence there is no way by which the lines could ever be closed except by prolonging the second and third lines. The error has occurred, of course, either in the surveyor's office at Columbus or in the General Land Office. It is so obviously a mere clerical error that any one searching for the truth would detect it as readily as the mind would supply a single word in a sentence, and read it as though the ellipsis did not exist.

The general proposition intended to be laid down to the jury in the charge of the court might be correct, but when applied to the facts of the case it is wholly incorrect.

In Hubert v. Bartlett, 9 Tex., 103, Judge Wheeler said: "When the calls lead to conflicting results, that must be adopted which is most consistent with the intent apparent on the face of the grant." In Welder v. Carroll, 29 Tex., 323, the court say: "The entire description in a patent must be taken, and the identity of the land ascertained by a reasonable construction of the language used." "Natural objects are mountains, lakes, rivers, creeks, rocks, and the like. Artificial objects are marked lines, trees, stakes," &c. "The first of these controls the second, and the second controls courses and distance merely."

" But one and all these must be applied to the particular case; and where they lead to contrary results or confusion, that rule must be adopted which is most consistent with the intention apparent on the face of the patent." (Booth *v.* Strippleman, 26 Tex., 441; Booth *v.* Upshur, 26 Tex., 70.

"A correct location consists in the application of any one or all these rules to the particular case; and when they lead to contrary results, that must be adopted which is most consistent with the intention apparent on the face of the patent." (McCulloch *v.* Richardson, 1 McCord, 167.) It will therefore often occur that course and distance will control natural objects, as where it is apparent on the face of the grant that these were inserted by mistake. (Newsom *v.* Pryor, 7 Wheat., 7.) The entire description in a patent must be taken and the identity of the land ascertained by a reasonable construction of the language used, as stated in Carroll *v.* Welder.

It was the duty of the surveyor to survey the land for the Reels heirs in a square; and when it is seen that the four side lines are the same length, can it be possible that any one was misled or did not know at once that the variation from 56° to 85° in the course of the second line was a mere clerical error, and that the patent should be read, " south 56° east" instead of "south 85° east." This would close the survey and leave it in a square. This result follows as certainly as though the beginning corner had been an immovable natural object.

Suppose the beginning corner to have been an unmistakable natural object, and the calls had been correct except the last course, which deflected so as to leave a gap of half a mile not closed, and the call had ended, " to the beginning corner of this survey," would any one have been misled? and would this have been more certain than the case before us?

This is not a case of conflict, nor is it a contest between an elder and a junior patent. It is an error that corrects

itself; and it follows from the views here expressed that the court erred in its charges to the jury, for which the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.