JOHN D. COFFEY ET ALS. V. ELIZABETH HENDRICKS.

(Case No 2099)

1. PRESUMPTION—EVIDENCE—OFFICIAL SEAL.—Where a certified copy of a deed is offered in evidence and the notary in his certificate declares that he had affixed his seal thereto, it is to be presumed that the seal was properly attached although its place is not indicated by the characters ordinarily used for that purpose. The same rule applies to the record itself when used instead of a certified copy thereof under agreement of counsel.

2. DESCRIPTION.—When the field notes describing land are incorporated in a deed, and a mistake is manifest from the fact that the survey, as described, will not close, it is the duty of a court, when the deed is offered in evidence to give effect to it, if the land really intended to be conveyed can be ascertained from the deed itself, without a resort to extraneous evidence, and in that event that portion of the description manifestly false will be rejected, following Barnard v. Good, 44 Tex., 638, and other cases cited

3. CERTIFICATE OF ACKNOWLEDGMENT.—The effect of a proper acknowledgment of, or proof of a written instrument conveying or affecting title, is to admit the instrument to record. To be effective it must show on its face that it was taken by an officer authorized by law to perform the act If this be not done, the instrument cannot be legally recorded, nor can it be admitted in evidence without proof of its execution as at common law, following Holiday v Cromwell, 26 Tex , 189, and other cases cited

4 PAROL EVIDENCE—LATENT AMBIGUITY—A deed described the property conveyed as "beginning at the southwest corner of an eighty-acre survey, on which the town of Sulphur Springs is located." *Held*, that if at the time when the deed was executed there were two towns in that vicinity known as Sulphur Springs, parol evidence would be admissible to explain the latent ambiguity in the deed and identify the particular land intended to be conveyed.

5. DEED—MARRIED WOMAN —A deed executed by a married woman during coverture,

and the execution of which she has not acknowledged separate and apart from her husband as required by the statute, cannot convey any right to her separate property.

6. EVIDENCE.—See conclusion of opinion for parol testimony of a surveyor, held admissible to show that the change of a figure in the field note of a survey described in a deed would embrace the land involved in the suit.

APPEAL from Hopkins. Tried below before the Hon. J. L. Whittle, Special Judge.

*A. H. Henderson,* for appellants, Jno. S. and E. H. Coffey, G. A. Harris, Samuel Davidson and M. Wachholder.

No briefs on file for appellee.

GAINES, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought in the court below by appellee against appellants and others, to recover an undivided half interest in a tract of about four and a half acres of land in the town of Sulphur Springs. The assignments of error all point to the action of the court below in the introduction and rejection of evidence, and will be considered in order. The first assignment is, that "the court below erred in permitting plaintiff to read in evidence, over defendants' objection, a deed from O. S. Davis to O. E. Roberts."

The grounds of objection to the deed were, that the seal of the officer did not appear to the certificate of acknowledgment and that the description of the land given in the conveyance was not sufficient. Neither a copy of the deed or of the acknowledgment is incorporated into the bill of exceptions, and we must look to the statement of facts to see the specific nature of the objections. There was an agreement in writing between counsel that the record of deeds might be read in evidence in lieu of certified copies, and the statement of facts shows that the deed in question was read from the record, and gives a copy both of the instrument and the certificate of acknowledgment. The attesting clause of the latter reads: "In testimony whereof, I have hereunto set my hand, as clerk, and affixed thereto the impress of my seal of office," etc.

It is held in Ballard *v* Perry, 28 Tex., 347–365, that where a certified copy of a deed is offered in evidence and the notary in his certificate declares that he has affixed his seal thereto, it will be presumed that the seal was properly attached although its place is not indicated by the characters ordinarily used for that purpose. In the case of Witt *v.* Harlan, decided at the present term, the same rule was applied by this court to the record itself, when that is used instead of a certified copy, as

was done in the case before us. The field notes of the land as described in the deed under discussion show an evident mistake because they do not close. It is the duty of the court in such a case to ascertain the error if practicable, and to determine the call really intended by the grantor, provided this can be done from the face of the deed itself. When the intention of the parties can be ascertained without resort to extrinsic evidence it will be given effect and the false description rejected. Barnard v. Good, 44 Tex., 638; Smith v. Chatham, 14 Tex., 322; Kingston v. Pickins, 46 Tex., 99.

Let us apply this rule to the field notes before us. So far as they bear upon this question they are substantially as follows: "Beginning at the southwest corner, etc., thence east 168 varas, thence north 40 west 194 varas, thence south 62½ west 176 varas, and thence south 120¼ varas to the beginning, containing four acres and eighty seven poles." By running the first call to the first corner and then returning to the beginning point and running back the fourth and then the third line, in reverse order the course and distance called for, we establish a point as the second corner, which is 194 varas N 4 W. from the first, corresponding with the second line called for in the deed in distance but not in course, and embracing about four and a half acres of land, which is the quantity purporting to be conveyed. This is a matter of mathematical demonstration and makes it apparent that the second line runs N. 4 W. instead of N. 40 W. as called for in the deed There can be but little doubt, that the conveyancer in copying the field notes mistook the character ordinarily used to denote degrees for a cipher and this converted the calls from N 4° W. into N. 40 W. We think the deed was properly admitted in evidence.

The second assignment is that the court erred in admitting in evidence the bond for title from O. E. Roberts to J. A. Hendricks. The objections to the instrument was that the certificate of proof was insufficient; (1) because the witness did not swear that he signed at the request of the obligor ; (2) because the official character of the person before whom the proof was made did not appear on the face of the affidavit; and (3) because it purported to have been made in Upshur county, and that the person taking the proof, if an officer at all, was a notary public of Hopkins county. The certificate is subscribed by O. S. Davis, without any addition denoting his official character, and nowhere in it does his authority appear.

We think the official character of the officer who makes the certificate should be shown in it, either in the body or appended to the signature. The effect of a proper acknowledgment or proof of a bond for title or deed is to admit the instrument to record and confer the

rights incident thereto. Such acknowledgment or proof should show upon its face that it was taken by an officer authorized by law to perform that act, so that the recorder may know without the aid of extrinsic evidence, that the statute is complied with. Without this it cannot be lawfully recorded, and whether transcribed upon the records or not, cannot be admitted in evidence without proof of its execution as at common law. Holiday *v.* Cromwell, 26 Tex., 189; Ballard *v.* Perry, *supra*; McKellar *v.* Peck, 39 Tex., 381.

The testimony of Davis, whose name was signed to the certificate, that he was a notary public of Hopkins county at the time, but does not recollect making the certificate, does not mend the matter. In Titus *v* Johnson, 50 Tex., 224, it is held that a certificate of acknowledgment regular upon its face, cannot be attacked by parol proof by showing, either that the officer had an interest in the land or that he held at the time an incompatible office, or that it was taken outside the limits of the county of which he was an officer; and for a like reason, we hold that parol evidence cannot be adduced to show the official character of the person who made the certificate, his authority not appearing upon its face. On this ground the bond should have been excluded, and it is not necessary to decide whether or not parol evidence was admissible to show that the certificate was made in Hopkins county, although it purports to have been made in Upshur. See Blythe *v.* Houston, 46 Tex., 65; Titus *v.* Johnson, *supra.* The facts deposed to by the witness as shown by the certificate are sufficient, (Deen *v* Wills, 21 Tex., 642; Monroe *v.* Arlege, 23 Tex., 480), but for the defect above pointed out, it was error to admit the instrument.

The fourth and fifth assignments point to alleged errors of the court in permitting plaintiff to prove by witnesses that there were at the date of the deed mentioned above two lots known as the "Spring lot" property. It is not clear whether the evidence was admissible or not, and it is not necessary for the disposition of the case that we should decide it. But the plaintiff may succeed on proving her bond upon another trial, and with a view to that result we will indicate, in a general way, an opinion upon the subject. The deed of Davis to Roberts in describing the land says : "Beginning at the southwest corner of an eighty-acre survey known as the survey on which the town of Sulphur Springs is situated." Now, if it could be shown that at the date of this instrument there were two localities in that vicinity known as the town of Sulphur Springs, then this would disclose a latent ambiguity in the description which parol evidence would be competent to explain, so as to identify the land conveyed. But it is not clearly apparent that the fact that there were two lots known as the Spring lot, throws any

light upon the description as stated.   Besides it would seem that the true locality of the beginning corner could be definitely ascertained by running from northwest corner of the Mary Ann Bolin league, the course and distance from that corner being given in the deed.

The sixth assignment of error complains of the rejection of a deed from plaintiff to O. S. Davis, offered by defendants.   Plaintiff was a married woman at the time.   It is shown both by her own testimony and by the transfer of the bond for title to her by her husband, that whatever title they had to the land was her separate property.   The deed has no separate acknowledgment as required by statute and hence conveyed no title.   The admission of the testimony of the surveyor is complained of in the seventh assignment of error.   This testimony was merely to the fact that the field notes in the deed from Davis to Roberts if corrected so as to read N. 4 W. instead of N. 40 W., would embrace the land in controversy.   With that deed in evidence, the testimony, we think admissible.

For the error in admitting in evidence the bond for title from Roberts to Hendricks last mentioned over defendant's objections, the judgment is reversed, and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 12, 1886.]