No. 5682.

## C. J. GARRISON *v.* A. G. CROWELL ET AL.

INNOCENT PURCHASER—MISTAKE.—One who purchases, pays a valuable
consideration, and receives a deed from another who is in possession of
land, under a deed which by mistake conveyed a larger quantity of land
than was intended by the parties to the conveyance, is protected against

the remote vendor in a suit brought to correct the mistake, if he had no notice at the time of his purchase, and there was nothing on the face of the deed to suggest inquiry regarding a mistake.

APPEAL from Montague.   Tried below before the Hon. F. E. Piner.

*Sparks & Smith,* for appellant.

*Davis & Stephens* and *Matlock & Herbert,* for appellees.

GAINES, ASSOCIATE JUSTICE.   Appellant and one John H. Stephens were claiming adversely to each other the Hezekiah Frost survey of land, in Montague county, of which the tract in controversy is a part.   They agreed upon a compromise of their claims, and in pursuance of their agreement appellant conveyed to Stephens a portion of the tract.

The former now claims that the agreement was that he should make a deed to the latter to six hundred and forty acres only, and that quantity of land was actually measured off and surveyed, and the south boundary thereof distinctly marked upon the ground, but that, supposing that the southwest corner of the land so surveyed was the same as the southeast corner of the G. Hodge survey, and on the north boundary line of the A. C. Davis survey, he in his deed described the boundaries as extending to that corner and that line.   Beginning at the northwest corner of the land intended to be conveyed, the deed calls for the west line as running "south eight hundred and thirty-nine varas to the southeast corner of said Hodges survey, on the north boundary line of the A. C. Davis survey," and "thence east at four hundred and fifty varas said Davis's northeast corner, at three thousand five hundred and fifty varas the east boundary line of said Frost survey," etc.   The distance called for in the west boundary line does not reach the Davis survey by some seventy-nine varas, but does reach the line actually run at the time the survey was made.   The strip lying between the latter line and that made by the north boundary of the Davis tract and its extension, is the matter of contention in this suit.

Some time after the conveyance Stephens moved his fence upon the more southern line and took actual possession of the disputed land.   Stephens subsequently sold the land to the defendant Crowell.   This suit was brought against Crowell, and

also against one George Schick, whose connection with the subject matter of the controversy is not disclosed by the testimony.

The judge below, to whom the cause was submitted without a jury, found among other things that Stephens took possession of the disputed strip after the execution and recording of the deed to him, and sold the same to appellee Crowell, who paid for the same without notice of appellant's claim. Judgment was accordingly given for the defendants.

If it be determined that Crowell is a bona fide purchaser, without notice, of the land in question the judgment must be affirmed without reference to any other question presented by this appeal, and we have no doubt that he must be so held. It does not appear that he knew that the distance of the west line called for in the deed would not reach the Hodges corner and the Davis line; therefore, there was nothing on the face of the conveyance to put him upon inquiry as to any claim on the part of appellant. He found Stephens in possession of the premises in controversy, holding under a duly recorded deed from appellant himself, which, according to well established rules of construction, embraced the land so possessed. He paid his money upon the faith of a conveyance which imputed an absolute title in his vendor, at least against appellant in this case, and we fail to see any reason why he should be excepted from the rule which protects the innocent purchaser for value against the claim of his adversary which was unknown to him at the time of his purchase.

The case of Houston v. Sneed, 15 Texas, 307, cited by appellant's counsel, does not sustain the proposition submitted by them upon this point. In that case Sneed was held not to be an innocent purchaser, because, at the time of his conveyance, Houston was in actual possession of the land up to the disputed line. This was considered as constructive notice to him of Houston's claim. But the court say: "Had there been no settlement up to the agreed line, and no notice to him of it, he might have insisted upon the line originally established between Houston and McKinney called for by his deed."

It is evident that, in so far as the opinion bears upon this case, the authority is against appellant and not in his favor. The court below found against appellant upon the main proposition presented by his pleading; that is, that the Hodges corner and Davis line were called for in the deed by mistake, and we are inclined to think that this finding is correct. But we need not consider that question. Appellee Crowell being a bona fide pur-

chaser for value, appellant can not recover.    The judgment is therefore affirmed.                                              *Affirmed.*

Opinion delivered April 15, 1887.