## S. L. WILLARD v. MRS. TEDY SANFORD.

Decided November 25, 1903.

**Sale of Land—Recovery for Deficiency—Mutual Mistake.**

When it transpires in a sale of land that by the mutual mistake of the purchaser and the seller the deficiency in the quantity of the land as contracted and as surveyed is gross, equity will afford relief to the purchaser to the extent of the value of the deficiency.

Appeal from the District Court of Shelby. Tried below before Hon. Tom. C. Davis.

*D. M. Short & Sons,* for appellant.

*Bryarly & McKnight,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee brought this suit against appellant to recover the amount due upon the purchase money note for a tract of 140 3-4 acres of land sold by her to appellant, and to foreclose her vendor's lien upon said land.

The answer of the defendant admitted the execution of the note, but averred in substance that there had been a failure of title to 23 2-5 acres of the land for the purchase money of which the note was given, and prayed that the value of said 23 2-5 acres be deducted from the amount due on the note.

The cause was tried in the court below without a jury and judgment rendered for plaintiff in accordance with the prayer of her petition. The trial court filed conclusions of law and fact, and from the facts found by the court and the undisputed evidence in the case we deduce the following:

Appellee, on October 14, 1899, conveyed to appellant the G. R. Hughes pre-emption survey in Shelby County, and in part payment of the purchase money for said land appellant executed the note sued on. The land is described in the deed as 160 less 19¼ acres, which had been previously sold by appellee, said 160 acres being described by metes and bounds. At the time this deed was executed the survey had not been patented. As originally surveyed 23 2-5 acres of the Hughes survey conflicted with the Graham, which is an older survey. This 23 2-5 acre conflict was embraced within the field notes set out in the deed from appellee to appellant, and appellant purchased same in good faith believing that it was a part of the Hughes survey.

The trial court also found that the appellee did not discover the conflict in the two surveys until after her conveyance to appellant. After appellant purchased the land he applied for a patent, which was refused because of an apparent conflict with the Graham survey. This was the first notice appellant had of such conflict. A resurvey of the Hughes pre-emption made under order of the Commissioner of the Land Office

demonstrated that 23 2-5 acres of land embraced in the deed from appellee to appellant was a part of the Graham survey.

This 23 2-5 acres strip was in the constructive possession of the owners of the Graham survey at the time appellant purchased, and is now held by them.

This 23 2-5 acre strip was in the constructive possession of the owners to appellant, and he testifies that he would not have purchased any of the land if he had known he was not getting title to the 23 2-5 acres strip. The 19¼ acres referred to in the deed as not conveyed thereby, formed no part of 23 2-5 acres involved in this suit, and on account of the conflict with the Graham survey the quantity of land to which appellant has title is 23 2-5 acres less than the quantity conveyed to him by the appellee.

The finding of the trial court that appellee did not know of the conflict until after she had conveyed the land, taken in connection with the undisputed fact that the 23 2-5 acres was embraced within the boundaries set out in the deed, and the further finding of the court that appellant did not know of the conflict and thought he was buying the 23 2-5 acres, presents a case of mutual mistake as to the quantity of land sold against which equity will give the purchaser relief, the deficiency in quantity being gross. Mitchell v. Zimmerman, 4 Texas, 75; O'Connell v. Dike, 29 Texas, 299; Moore v. Hazlewood, 67 Texas, 626; Wheeler v. Boyd, 69 Texas, 293; Walling v. Kennard, 10 Texas, 508.

The trial court held that because there was no fraud or affirmative misrepresentation on the part of appellee, and because appellant by the use of ordinary diligence would have discovered the conflict before he purchased the land, he was not entitled to recover.

Neither of the reasons given by the court authorize a judgment for the plaintiff under the facts found showing a mutual mistake as to the boundaries of the land and the resultant deficiency in the quantity of land sold.

It would be inequitable and unjust to compel appellant to pay for land which he did not get, and which under the findings of the trial court both he and the appellee thought at the time the sale was made was a part of the Hughes survey, and would become the property of appellant under the deed executed by appellee.

Upon these facts appellant would be entitled to compensation for the loss of the land to which appellee had no title. The evidence is not sufficiently definite as to the value of the 23 2-5 acres of land for us to fix the amount which appellant should be allowed to recover for its loss, and for this reason we can not render judgment for the appellant.

Because the trial court erred in rendering judgment for the appellee upon the facts as found by the court, its judgment is reversed and this cause remanded for a new trial.

*Reversed and remanded.*