DICKERSON et al. v. McFARLAND.

(Court of Civil Appeals of Texas. Texarkana. Jan. 9, 1913.)

VENDOR AND PURCHASER (§ 231*)—BONA FIDE PURCHASER—NOTICE—RECORDS.

Where a prior recorded deed from plaintiff's vendor of part of the property conveyed to plaintiff described the land conveyed as beginning on a line which was plaintiff's east line, thence running north along that line, thence "east," thence south, and thence "east" to the place of beginning, there was nothing to charge plaintiff with notice that the second call should have been west instead of east, since the call of the last course for the beginning point would naturally prevail over the direction stated therein; registration being constructive notice only of what appears on the face of the deed.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 487, 513–539; Dec. Dig. § 231.*]

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Trespass to try title by J. F. McFarland against M. J. Dickerson and others. From a judgment for plaintiff, defendants appeal. Affirmed.

The appellee brought the action in trespass to try title to 47½ acres of land of the Josiah Hart survey in Fannin county. The appellants entered a disclaimer of title to any part of the 47½ acres of land except as to 16¼ acres off of the west end of the same, describing it by field notes. The case was tried to the court without a jury, and judgment rendered in favor of the appellee for the 47½ acres of land. The patented Josiah Hart survey contains 240 acres of land. Under a regular chain of title from the patentee, which titles were duly registered, Green Pyle became the owner in fee-simple title of 95 acres of the survey. He and his wife conveyed in fee simple 47½ acres to Dennis Pyle, and the deed was duly registered. The land was the homestead of Dennis Pyle and his wife. Dennis Pyle died intestate, leaving surviving him his wife and four adult children, his only heirs. In July, 1904, the wife and children conveyed the 47½ acres by warranty deed to R. M. Rowland, and the deed was duly registered. On December 2, 1910, R. M. Rowland passed the title to the land by warranty deed to appellee, and the deed was duly registered; but on December 12, 1888, and prior to the deed from his heirs to Rowland, Dennis Pyle and his wife executed a deed to Green Pyle, purporting to convey 16¼ acres of land of the Hart survey. This deed was duly registered on January 2, 1893. This is the deed appellants claim under, having a conveyance from Green Pyle and wife of date December 12, 1888, duly registered January 2, 1893. By following the calls in the deed as they are set out in the deed, the 16¼ acres therein described are in fact on the Hart survey, but would be situated wholly on the east side of the east line of the 47½ acres described by appellee's deed, and would not be on the ground any part of the 47½ acres of land. As a fact, according to the evidence, a few days before the execution of the deed by Dennis Pyle to Green Pyle, these parties had surveyed off, and the corners were marked on the ground with stakes, 16¼ acres of land out of and on the west of the east line of the 47½-acre tract. This land so surveyed and marked on the ground was the land that these parties as a fact intended to be conveyed by the deed mentioned, but the calls in the deed in fact did not cover and embrace it. The premises intended to be conveyed is the land appellants claim under the deed. This is timbered land, and no point of title by limitation is made in the evidence. There is no proof that the stakes put on the ground at the time of the surveying were there when Rowland purchased. The court made the finding, and same is here adopted, that R. M. Rowland was a purchaser of the 47½ acres of land in good faith and for a valuable and sufficient consideration, and without notice, actual or constructive, of the intention of the parties mentioned to convey the land so actually surveyed off, and had no knowledge or information of the transaction giving rise to the execution of the deed, or of any claim of Green Pyle to the premises in suit.

Richard B. Semple, of Bonham, for appellants. R. M. Rowland, of Ft. Worth, for appellee.

LEVY, J. (after stating the facts as above). [1, 2] The deed from Dennis Pyle and wife to Green Pyle, under which the appellants claim title, is a valid conveyance on its face of a 16¼-acre tract of land of the Hart survey. The deed was also duly registered at the time of the conveyance of the 47½-acre tract by the heirs of Dennis Pyle to R. M. Rowland, under which the appellee claims title. But giving proper legal effect to the calls in the description of the land conveyed in the deed to Green Pyle, and following the same as set out, the lines admittedly would not inclose and contain any part of the 47½ acres of land. Admittedly, on the ground, by the face of the calls in the deed of Green Pyle, the west boundary line of the 16¼-acre tract would be the east boundary line of the 47½-acre tract, and the 16¼ acres would lie wholly to the east of the 47½-acre tract. To meet this situation of the deed appellants rely upon the fact that it was the intention on the part of Dennis Pyle to convey to Green Pyle part of the 47½-acre tract, and the second call set out in the deed calling for the course "east" was a mistake and should be "west." The court made the finding of fact that the premises actually surveyed on the ground to be conveyed to Green Pyle lay on the west, instead of the east, of the east boundary line of the 47½ acres, and that it was the intention on the part of Dennis Pyle to convey to Green Pyle 16¼ acres of the 47½-acre tract. The rights of the parties must therefore be measured entirely by whether R. M. Rowland had notice of the intention on the part of Dennis Pyle to convey to Green Pyle part of the 47½-acre tract. The court made the finding, and it is supported by the evidence, that R. M. Rowland was a purchaser in good faith of the 47½-acre tract, paying a valuable and sufficient consideration therefor, and without any actual notice of the intention on the part of Dennis Pyle to convey to Green Pyle any part of the 47½-acre tract, and that R. M. Rowland did not actually know or have information of the existence of the deed or about the transaction giving rise to the deed. As R. M. Rowland had no actual notice of any intention to have conveyed to Green Pyle a part of the 47½-acre tract, if any notice is to be imputed to him it must be only the constructive notice resulting from the registration laws. The chain of transfers to Rowland does not in itself appear

to disclose where the title to these premises resided, and gave no information as to who at the time owned the land east of the 47½-acre tract Rowland bought, or who owned it at the time in 1888 when Green Pyle obtained the deed to the premises in controversy. In the particular deed from Dennis Pyle to Green Pyle the description alone is relied on as conferring legal notice of a mistake in the second call therein and of the intention to convey a part of the 47½-acre tract lying immediately west of the east boundary line of the 47½-acre tract. The description is as follows: "16¼ acres of land out of the Josiah Hart survey of 240 acres of land lying in Fannin county, Texas, about 16 miles southeast of Bonham. Beginning at the northwest corner of 12¼-acre tract deeded by Green Pyle and wife to Dennis Pyle, a burr oak mkd. X bears S. 88½° E. 13⅓ vas. Thence north 348 vas. to a stake on north line of said Hart survey, from which a hickory mkd. X brs. N. 45° W. ½ va. Thence east 263¾ vas. to a stake. Thence south 348 vas. a stake. Thence east 263¾ vas. to the beginning." The 12¼-acre tract called for in the description above as the beginning point is to the east of the east line of the 47½-acre tract, and its west line extends north from the southwest corner about half the length of the east line of the 47½-acre tract. If R. M. Rowland had read the recorded description in the deed to Green Pyle and traced the calls as set out in same, he would have found nothing on their face to suggest a false or erroneous description until he got to the fourth or last call, whose eastern course is contradicted by the fact that it calls for "to the beginning" point. Manifestly, from the face of the deed, the fourth call would reasonably appear as intended, in the light of the other calls, to be the closing south line of the tract, to be pursued in the direction of the beginning point. In legal effect, by reason of this manifest intention, the words in the call, "to the beginning," would prevail over the word "east." It is the rule that, when the call really intended by the grantor can be ascertained from the words of the call as they are found, it will be given effect. Coffey v. Hendricks, 66 Tex. 678, 2 S. W. 47; Mansel v. Castles, 93 Tex. 414, 55 S. W. 559. R. M. Rowland could reasonably have thus construed the calls. It is significant in this record that it is not contended by appellants that the fourth call was in fact erroneous. The second call is the only one claimed to be false, and it reads: "Thence east 263¾ vas. to a stake." Manifestly there is nothing in the words of the second call, or in the words of the call preceding or the call succeeding it, in connection with the words of the second call, to remotely suggest or indicate that the word "east" was designed by the grantor to

read "west," as claimed by appellants. It is the settled rule that registration is constructive notice only of what appears on the face of the deed as registered. McLouth v. Hurt, 51 Tex. 115. See Carter v. Hawkins, 62 Tex. 393. Clearly in the record appellants' rights, if any, are dependent upon facts entirely outside the face of the deed, and of which facts it is conclusive the appellee had no notice, actual or constructive. The court therefore, in the record, properly rendered judgment for appellee.

By thus affirming the judgment we mean to be understood by counsel as not sustaining the first conclusion of law made by the trial court, to the effect that the deed to Green Pyle was void as a deed, for insufficiency of description; but by giving full force to the deed as a valid deed on its face, as we have, the judgment still, in view of all the facts established, was nevertheless correctly rendered for appellee. Therefore all the assignments except the third are overruled.

The judgment is affirmed.