## CITIES SERVICE OIL CO. v. DUNLAP et al.

### No. 8863.

Circuit Court of Appeals, Fifth Circuit.

Dec. 2, 1940.

Rehearing Denied Jan. 4, 1941.

See 117 F.2d 31.

David B. Trammell and Clayton L. Orn, both of Fort Worth, Tex., for appellant.

Angus G. Wynne and William A. Wade, both of Longview, Tex., and Cecil N. Cook, of Houston, Tex., for appellees.

Before FOSTER, SIBLEY, and Mc-CORD, Circuit Judges.

SIBLEY, Circuit Judge.

Our former opinions in this case are reported, Cities Service Co. v. Dunlap, 100 F.2d 294, 101 F.2d 314. The contentions are there fully stated. We did not therein undertake to construe and apply the description in the deed to J. F. Rogers under which appellant claims, to determine whether it included the strip of land in dispute by reason of the call for the Wiley Davis northeast corner as the northwest corner of the tract conveyed, because we thought the evidence clearly showed that this call was inserted by mistake and that the deed might be reformed so as to omit it, since it was not shown that appellant was an innocent purchaser for value. On certiorari to the Supreme Court it was held that under a rule peculiar to Texas the burden was on appellees to prove that appellant was not a bona fide purchaser for value, and the cause was remanded to us for further consistent proceedings. Cities Service Co. v. Dunlap, 308 U.S. 208, 60 S.Ct. 201, 84 L. Ed. 196. Since the record does not show what appellant paid for its lease or with what knowledge or in what faith it paid whatever it did pay, we must and do hold that the deed cannot be reformed.

Our present task, therefore, is to take the deed as it is written and determine whether at law it conveys the disputed strip. This is not a case of parol partition of land, as appellees argue, but one in which the results of the partition were expressed in mutual deeds. The deed to J. F. Rogers fixes what he got in severalty. The descriptive words are: "Being a part of the G. A. Thomas H. R.; starting at the N. E. Corner of Lot No. 2, which is the N. W. corner of the W. H. Rogers tract, Lot 1; Running West 440 yards to Wiley Davis N. E. corner; thence South 880 yards; thence East 224 yards; thence North 310 yards at 12 deg. East of North; Thence East 154[1] yards to W. H. Rogers line; Thence North 572 yards to starting point, containing 68⅓ acres, more or less." The language imports an actual accurate survey. It mentions a located beginning point, and a line 440 yards west therefrom to the Davis corner, another located point. No other natural or artificial object is mentioned, but the courses and distances around to the beginning point are exactly stated, and the included acreage. On its face there is neither indefiniteness nor contradiction, so that no patent ambiguity appears. But in the effort to trace the lines on the ground it is at once found that the distance from the known beginning corner to the Davis corner is not 440 yards, but one chain or 66 feet more. This discrepancy alone would make no great difficulty and would not

---

[1] It is conceded that 154 yards, and not 754 as stated in the first opinion, is the true call.

amount to an ambiguity, because it is well settled that a distance is generally overruled by a call for a fixed object, the law esteeming that a mistake in the measurement, or in recording it, is more likely than one about the fixed object. But if we so decide and continue according to the deed, no other fixed objects being mentioned, it develops that we do not get back to the beginning point at all, but 66 feet west of it. If we force the course of the last line so as to reach the beginning point it will not have the direction nor the length called for, and the acreage included will be excessive. On the other hand, if we stop on the first line at 440 yards instead of going on to the Davis corner, we find that the remaining lines, run according to the deed, do take us back to the beginning corner and include the acreage called for. There is in this situation a real doubt as to whether the call in the first line for the Davis corner or for a corner at 440 yards is correct. That is a latent ambiguity which requires construction; and may justify a resort to extrinsic evidence, not to contradict the deed, but to explain its true meaning. Without such evidence we should conclude that the call for 440 yards was correct and the Davis corner in error. The oral evidence leaves no doubt about it. The disputed strip was not included.

■ This conclusion is amply supported by what is said in Johnson v. Archibald, 78 Tex. 96, 14 S.W. 266, 267, 22 Am.St.Rep. 27. The grant there construed gave distances and calls for corners of other surveys, but the distances did not reach all the corners called for. The question was whether the distances or corners should prevail. In sustaining the distances as correct the court thus states the law: "If the calls in a grant, when applied to the land, correspond with each other, parol evidence is not admissible to vary them, by showing that in point of fact they are not the calls of the survey as actually made. But if when so applied they disclose a latent ambiguity,—that is to say, if they conflict with each other,—then extrinsic evidence may be resorted to in order to determine the conflict and show the land actually intended to be embraced by the calls of the survey. Certain calls, such as for natural objects, marked lines, and corners, being less likely the result of mistakes, in the absence of other evidence, prevail over calls for course and distance; but the survey actually made is in legal contemplation the true survey, and it is always competent to show by any legal evidence where the lines were in fact run upon the ground. It follows, therefore, that whenever the evidence is sufficient to induce the belief that the mistake is in the call for natural or artificial objects, and not in the call for course or distance, the latter will prevail, and the former will be disregarded." See, also, Booth v. Upshur, 26 Tex. 64; State v. Sullivan, 127 Tex. 525, 92 S.W.2d 228; Blake v. Pure Oil Co., 128 Tex. 536, 100 S.W.2d 1009. An innocent purchaser is protected from reformation in equity, but not from construction at law of the deed as written. If the muniments of title he holds are beset with ambiguity, a court of law will resolve that ambiguity according to its own methods. See Miller v. Lemm, Tex.Com. App., 276 S.W. 211, and cases cited.

Appellant relies on Garrison v. Crowell, 67 Tex. 626, 4 S.W. 69, followed in Swann v. Mills, Tex.Civ.App., 219 S.W. 850, and Miller v. Southland Life Ins. Co., Tex. Civ.App., 68 S.W.2d 558. The Garrison case as a problem in construction is not in conflict with the decisions above cited from the Texas Supreme Court. In the description there involved a measurement did, as here, fall short of the adjoiner's line as called for, but the next call was for another corner on this adjoiner's line, showing that the call for the line and not the measurement was correct. By allowing the calls for lines and corners to prevail over the measurement the deed was consistent with itself; but confusion would have resulted if the short measurement had been followed instead.

■ We repeat our ruling in our first opinion that the coverage of the deed cannot be enlarged as bounded by a public or private road. The deed did not itself mention any road, and there was in fact no road, either established by the public authorities or created by dedication and acceptance or prescriptive use. The wagon trail fifteen feet wide, partly on the land of Davis and partly on the disputed strip, did not touch the land conveyed.

The judgment of the District Court is affirmed.