J. M. Abbott Oil Company v. San Antonio Brewing Association.

No. 2185. Decided December 20, 1911.

**1.—Court of Civil Appeals—Rendering Judgment—Excluded Testimony.**

The Court of Civil Appeals, reversing a judgment in favor of defendant because the bond forming the basis of plaintiff's suit was improperly excluded by the trial court when offered in evidence, can not render judgment for the plaintiff, though warranted by the proof in so doing if the bond had been admitted. (Pp. 575, 576.)

**2.—Same—Admission—Inconsistent Pleading.**

A plea of defendant admitting and seeking to avoid the instrument sued on by plaintiff does not bring such instrument before the court as evidence, nor authorize the appellate court to render judgment thereon, it having been erroneously excluded by the trial court when offered, where other pleading of the defendant placed the existence of the instrument in issue. (P. 576.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Harris County.

The San Antonio Brewing Association sued the J. M. Abbott Oil Company on a contract to furnish fuel oil, and the United States Fidelity & Guaranty Company on a bond guaranteeing the performance of such contract. The latter company claimed that the bond had been altered without its authority so as to make it apply to the contract in question, it having been given to cover another. The bond was not received in evidence, and plaintiff, who consequently recovered against the oil company but not against the guaranty company, appealed. Judgment against the oil company was affirmed; that against plaintiff and in favor of the guaranty company was reversed and rendered in plaintiff's favor. The guaranty company then obtained writ of error.

*Hunt, Myer & Teagle,* for plaintiff in error.—The Court of Civil Appeals is without authority to reverse and render a judgment on appeal where the evidence on a material issue is conflicting on a trial by jury and where there are other issues of fact which may change the result when submitted to a jury. Poindexter v. Receivers, 101 Texas, 322; Rev. Stats., art. 1027; Houston & T. C. Ry. v. Strycharski, 92 Texas, 1; Savage v. Umphries, 118 S. W., 893; Hanan v. Presswood, 120 S. W., 1052; Wallace v. Coal Co., 91 Texas, 122; Eidson v. Reeder, 101 Texas, 202; Brazelton v. Campbell, 108 S. W., 770.

*Newton & Ward, Geo. C. Griggs,* and *K. C. Barkley,* for defendant in error (*Wilson & Dabney* and *Meachum & King,* on brief and argument on appeal).—It is unnecessary to plead or prove facts plead by one's opponent, the proper legal construction of the pleadings being a question of law for the court, and not of fact for the jury. Texas & N. O. v. Miller, U. S. Sup. Ct. Rep. Advance Sheets, June 15, 1911. Same case (Texas Ct. of Civil Apps.), 128 S. W., 1165; Pullman Co. v. Norton, 91 S. W., 943; Parlin & O. Co. v. Hansen, 21 Texas Civ. App., 401; Hill v. George, 5 Texas, 87; Andrew v. Hoxey, 5 Texas, 7; Grimes v. Haywood, 19 Texas, 246, 247.

MR. JUSTICE RAMSEY delivered the opinion of the court.

The opinion of the Court of Civil Appeals for the Fourth Supreme Judicial District, as reported in 129 S. W., 373, states the case with sufficient fullness and particularity, except that it does not distinctly appear from that opinion that the bond executed by the United States Fidelity & Guaranty Company, dated March 3, 1906, on which a recovery is sought was not only not admitted in evidence, but was in terms by the trial court expressly excluded. In this state of the record it was improper that the Court of Civil Appeals should have rendered judgment in favor of the defendant in error against said United States Fidelity & Guaranty Company. This question was directly ruled in the recent case of Eidson v. Reeder, 101 Texas, 202. In that case certain testimony was offered by the defendants and was by the trial court excluded. Notwithstanding this the judgment of the District Court was by the Court of Civil Appeals reversed and judgment entered against Eidson and in favor of Reeder and Wilely for the land in controversy, the Court of Civil Appeals basing its judgment on the excluded testimony. In discussing this matter Chief Justice Brown, who wrote for the court, said:

"The authority of the Court of Civil Appeals to enter the judgment in this case rests upon the following article of the Revised Statutes:

"'Art. 1027. When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial in the court below.'

"The jurisdiction of the Court of Civil Appeals is appellate and it has no power to find facts in the first instance. Patrick v. Smith, 90 Texas, 267. In the case cited Chief Justice Gaines said: 'It is not the province of the Court of Civil Appeals to determine a question of fact in the first instance, their jurisdiction is to set aside a finding by the court or jury when contrary to the evidence or against such a preponderance of the evidence that in their opinion it ought not to stand.' The article above quoted confers authority upon the Court of Civil Appeals to enter the judgment which the trial court should have entered upon the evidence presented and admitted, and there is no difference between cases tried by the jury and those tried before the judge. The trial judge in this case after having excluded the evidence could not have entered judgment based upon it, although it might be regarded as undisputed, for the simple reason that it could not form the basis of his judgment until it had been placed before the court in the proper manner. Evidence can not be said to be undisputed until being before the court it has not been denied or controverted by the opposing party. The Court of Civil Appeals erred in entering judgment in this case based upon evidence not admitted at the trial of the case, for which error the judgment must be reversed."

Here the bond which formed the basis and foundation of the suit was by the District Court excluded. However erroneous this ruling may

have been, the Court of Civil Appeals was not authorized to base a final judgment on testimony which had been by the trial court excluded.

It was, however, suggested in argument by the learned counsel for defendant in error that, inasmuch as the execution of the bond was admitted in the answer of the guaranty company, and since, as they aver, the only matter in dispute was the legal effect and proper construction of same, the Court of Civil Appeals was authorized on appeal to assume its due execution, existence and validity. This proposition can not be sustained. In the case of Duncan v. Magette, 25 Texas, 245, it was held that if the allegations of the plaintiff's petition are put in issue by one of the defendant's pleas, the plaintiff can not give in evidence the allegation of another of defendant's pleas in order to maintain his cause of action. Silliman v. Gano, 90 Texas, 647; Bauman v. Chambers, 91 Texas, 111.

The judgment of the Court of Civil Appeals, therefore, in so far as it renders judgment in favor of the San Antonio Brewing Association against the United States Fidelity & Guaranty Company, will be reversed.

We feel, in view of the entire record, that we are not only not called on to discuss and adjudicate the other questions raised on the appeal, but that it would be premature, if not improper, to undertake to do so. To the extent as stated above, the judgment of the Court of Civil Appeals is reversed and the cause will be remanded.

*Reversed and remanded.*