**BRITTAIN et al. v. DICKSON et al.**

No. 4238.

Court of Civil Appeals of Texas. Texarkana.

May 17, 1933.

Rehearing Denied June 1, 1933.

J. C. Farmer, Young & Moss, and Chauncey, Fitzgerald & Hatchitt, all of Longview, and Wm. R. Watkins, of Fort Worth, for appellants.

Lacy & Molhusen, of Longview, George Prendergast, of Marshall, and H. S. Garrett, of Fort Worth, for appellees.

LEVY, Justice (after stating the case as above).

■ Accepting, as we do, the findings of fact made by the jury, having evidence to support the same, the two deeds executed by William Brittain and his wife to J. M. Dickson were intended as conveyances of the land and were not in fact mortgages given to secure an indebtedness to and advances made by J. M. Dickson. The appellees specially pleaded and claimed title in virtue of the deeds, and the legal title to the land would stand vested in the appellees, and the appellants would have absolutely parted with their title, unless, as contended by the appellants, the description of the property contained in the deeds have the effect of making them inoperative to pass the title to the appellees. Besides the two issues tried by the jury, the appellants made the points in the trial that there was insufficiency in the description of the land contained in the two deeds mentioned to afford means of identification of the lands claimed by the appellees and therefore appellants were entitled to recover, having established title by limitation.

When the appellees offered in evidence the deed of March 12, 1928, executed by William Brittain and wife to J. M. Dickson, the appellants objected thereto upon the ground that "the deed purports on its face without any ambiguity to be a conveyance of other and different lands than those in controversy, and because there is no pleading that such instrument was meant to convey any of the lands sued for by plaintiffs." The appellants sued for 91.5 acres of land "of the William McCurry Survey." The deed of March 12, 1928, specially designates the land intended to be conveyed, as may be seen, as "a part of the Outlaw Survey." There was a regularly patented survey of L. B. Outlaw adjoining the William McCurry survey. The appellants also objected to the introduction of the deed from William Brittain and wife to J. M. Dickson of date February 11, 1930, upon the ground that "the description in the deed is too indefinite to be applied to any particular 88.5-acre tract in the Mm. McCurry 320-acre Survey, there being no fixed or ascertainable beginning point." The appellants also later moved to exclude the deed as evidence upon the ground that the documentary and oral evidence offered by appellees for identification of the land "did not supply any data" to make a definite or intelligible description. The deed of February 11, 1930, specially designates the land intended to be conveyed, as may be seen, as "a part of the Wm. McCurry Headright survey," and consisting of 88.5 acres specially described by metes and bounds, excepting out of that described the part previously sold to J. M. Dickson. The field notes of the 88.5 acres as set out in the deed of February 11, 1930, are identical with the field notes as set out in the deed to William Brittain from J. B. Hughey and others of date March 22, 1913. As proven, the southeast corner of Wm. McCurry survey and the northeast corner of the L. B. Outlaw survey were common points. The north boundary line of the Outlaw survey and the south boundary line of the McCurry survey was a common boundary line.

■ It is believed in the circumstances stated that objection made to the deed of March 12, 1928, was well taken and should have been sustained. The deed specially described the land conveyed to be a part of and located within "the Outlaw survey," which was "in Gregg county, Texas." The "Outlaw survey" was a duly patented survey in that county and was a survey distinct from the Wm. McCurry survey. There was a certain and unambiguous designation of the particular survey the particular land described was lying in and forming a part to the quantity mentioned. The reference to the survey being plain and intelligible, the court would not be authorized to change or vary the language by construction although it may be that the "Outlaw survey" was not the description of the survey which was intended to be used, in the absence of proper pleading seeking correction of the description. There was no pleading of erroneous or mistaken description of the survey as "of the Outlaw survey" instead of the "Wm. McCurry survey." ● Therefore the deed to land of the Outlaw survey would not support a recovery for land in Wm. McCurry survey, as specially plead-

ed by appellees. But the consideration of that deed becomes unimportant, and the error in not excluding it from evidence becomes harmless, in view of the legal effect that must be given to the deed of February 11, 1930. By the deed of February 11, 1930, William Brittain and his wife conveyed by warranty deed to J. M. Dickson the entire 88.5-acre tract excepting out of that described the 47-acre tract theretofore conveyed to J. M. Dickson on March 12, 1928, using the same field notes in the exception as was contained in the deed of March 12, 1928. The exception, therefore, in the deed of February 11, 1930, would legally fail because the land described as excepted was in the Outlaw survey and not in the McCurry survey as was the 88.5 acres. Under established rules of law the entire 88.5 acres passed to J. M. Dickson. De Roach v. Clardy, 52 Tex. Civ. App. 233, 113 S. W. 22; Waterhouse v. Gallup (Tex. Civ. App.) 178 S. W. 773; 14 Tex. Jur. § 228, p. 1023. The appellants, though, insist that, although the exception may have failed as a legal effect of the description, yet in the circumstances of the case the legal consequence could not attach to the deed of a grant of the whole 88.5 acres. The point urged is that the land in suit was the homestead of William Brittain and wife, and it is not shown that the wife consented that the deed should amount to a conveyance of the entire tract of land. The deed is a purely voluntary conveyance upon a valid consideration, duly signed and acknowledged by the wife. There is no pretense of any fraud or deceit practised upon her in procuring the conveyance. She consented to the conveyance of the land executed by her and her husband and the exception fails merely as the legal effect of description. To give the deed the legal effect of a conveyance of the entire 88.5 acres would not, it is thought, be violative of article 1300, R. S., and of the constitutional provision of section 50 of article 16, respecting the method of conveyance of the homestead. If the exception is a mistake of description as intended, there is no plea of mistake in effort of correction or avoidance in any respect of her voluntary conveyance.

■ We have duly considered the further objections urged to the deed of February 11, 1930, and have concluded that they may not be sustained. The description in the deed begins: "A part of the Wm. McCurry Survey, and beginning at the corner on the N. B. line of the L. B. Outlaw Survey, witness a P. O. bears N. 15 W. 27 feet." The entire uncertainty of description lay in the exact beginning point or corner of the survey. The north boundary line of the L. B. Outlaw survey and the south boundary line of the Wm. McCurry survey is a common boundary line. And it was evidently intended that "the corner" of the two surveys on the common boundary line should be the beginning point of the land. The location on the ground of the tree referred to in the description would evidence and render certain the particular corner of the two surveys on the common boundary line intended to be the starting point of the description. The beginning point of the land may be identified and established with reasonable certainty. It is believed, therefore, that there is not such insufficiency or indefiniteness of description or designation of the land intended to be conveyed as to make the deed, as a matter of pure law, wholly inoperative. The description will be sufficient if such starting point can be reasonably identified or ascertained. Douthit v. Robinson, 55 Tex. 69; Hinkle v. Hays (Tex. Civ. App.) 162 S. W. 435. There is parol evidence going to show that in a survey of the land before the suit was filed in 1931 the particular tree referred to in the description for beginning was not found on the ground. There is no proof that the tree was never there in fact prior to 1912. A deed does not become void for uncertainty because after the lapse of time trees or landmarks called for cannot be located or have become obliterated. It was proven that when the surveyor in 1931 went to survey the land for William Brittain he showed the surveyor the corners understood to be the corners of the land as recognized on the ground. William Brittain testified that when he took possession of the land in 1912 under purchase from J. B. Hughey and others it was fenced and that "the corners" he "pointed out to the surveyor at that time were the same corners of the land since living there with my family in 1912." William Brittain claimed the land in virtue of the deed from J. B. Hughey and others and this land was the same land attempted to be included in the deed to J. M. Dickson and the same field notes were used for description. The trial court found on the evidence offered that the land sued for by appellants is "the same tract of land described in those certain deeds from William Brittain and wife to J. M. Dickson dated March 12, 1928, and February 11, 1930." Under the circumstances it is thought that the description of the land, as between appellants and appellees, who claim in virtue of deeds from William Brittain and wife, was sufficient, with the aid of the parol evidence offered, to identify the land as claimed by the appellees.

The appellants have presented the points for decision in a concise and exceptionally forcible way, and the same have been duly and at length considered by this court. The questions specially ruled upon finally determine the case, as we conclude, and all the other remaining points presented are therefore overruled as not authorizing a reversal of the judgment.

The judgment is affirmed.