RESERVE PETROLEUM CO. et al. v. HARP et al.

No. 5957.

Court of Civil Appeals of Texas. Amarillo.

April 18, 1949.

Rehearing Denied May 28, 1949.

Klett, Bean, Evans & Justice, Lubbock, for appellants.

Griffin & Morehead, Plainview, and Harry O. Hickman and J. K. Smith, Fort Worth, and Donald Campbell and L. A. Thompson, Jr., Tulsa, Oklahoma, for appellees.

LUMPKIN, Justice.

On November 19, 1931, appellees, Earlton M. Harp and wife, Beth Pool Harp, signed an employment contract with G. T. Blankenship of Oklahoma City, Oklahoma. According to the terms of the contract, Blankenship was employed to sell or pool three-eighths of the oil, gas and mineral rights in and under a tract of land situated in Hale County, Texas, to Farmers Royalty Holding Company. The property is described as the West one-half of Section 70, Block A-4, Abstract 1304, E. M. Harp Survey. In payment of the three-eighths mineral interest the appellees were to accept interest shares in Farmers Royalty Holding Company at the rate of one share for each acre of minerals conveyed to the company. Each share had a par value of $1. The contract contemplated a minimum of 5,000 mineral shares to complete the pool. To pay Blankenship for his services, the appellees agreed to convey to him an undivided one-eighth mineral interest from the same tract of land from which they had conveyed the three-eighths mineral interest to the Company.

At the time the appellees signed the employment contract, they executed two mineral deeds. The first of these, regular in form and with general warranty of title, purports to convey to Farmers Royalty Holding Company for a consideration of $1 an undivided three-eighths mineral interest in a tract of land situated in Hale County and described as the West one-half of Section 7, Block A-4, Abstract 1304, E. M.

Harp Survey. The second mineral deed purports to convey to G. T. Blankenship for a nominal consideration a one-eighth interest in the same tract of land. It is to be noticed that the land called for in the contract is described as Section 70, whereas in the mineral deeds the land is described as Section 7.

On this appeal appellants are the Reserve Petroleum Company and the Gulf Coast Western Oil Company. Farmers Royalty Holding Company and G. T. Blankenship are appellants' predecessors in title. The suit was instituted by the appellants against the appellees and Stanolind Oil and Gas Company seeking to recover title and possession of one-half of the oil, gas and other minerals in and under the West one-half of Section 70, Block A-4, E. M. Harp Survey. Appellants also prayed "for such other relief to which plaintiffs may be entitled."

Appellees Harp and wife pleaded the four-year statute of limitation, Vernon's Ann.Civ.St. art. 5529, and that the North 200 acres of the half section constituted their homestead. Appellee Stanolind pleaded a general denial and the four-year statute of limitation. It appears that at the time appellees Harp and wife executed the mineral deeds mentioned above, they resided upon, occupied, used and claimed as their homestead the North 200 acres of the West one-half of Section 70; that although the contract of employment was signed by the Harps, it was not executed by Blankenship; that the Harps failed to acknowledge the execution of the two mineral deeds before a notary public; and that the Harps received 120 shares in the Company.

Trial was had before the court without a jury. Judgment was rendered in favor of the appellants for recovery of one-half the minerals in the South 120 acres of the West one-half of Section 70, but judgment was denied them for recovery of any part of the minerals in the North 200 acres claimed by the appellees as a homestead. The judgment established the validity of the oil, gas and mineral lease executed and delivered by the appellees Harp and wife and subsequently assigned to appellee Stanolind Oil and Gas Company.

From this judgment, the appellants have perfected an appeal to this court.

This appeal, in our opinion, is to be solved in answering the issues presented in appellees' cross assignments of error. We shall, however, discuss appellants' point of error which contends that the court erred in not awarding appellants, as a matter of law, all the mineral interest to and under the South 120 acres of the West one-half of Section 70. Appellants insist that since the contract and deeds purport to convey an undivided one-half of all the oil, gas and other minerals in and to the 320 acres and since the Harps have defeated appellants' recovery to any portion of the North 200 acres of the tract on the ground that the conveyances were not legally acknowledged, the appellants are entitled to a total of 160 acres of oil, gas and minerals and are, therefore, entitled to recover all the 120 acres of minerals in the South 120 acres of the West half of Section 70. In support of their claim, the appellants cite Findlay et al. v. State, 113 Tex. 30, 250 S. W. 651, in which Findlay and others were making the contention that they were entitled to receive the approximate fifty thousand acres excess in the Capitol Syndicate lands above the three million acres granted them to build the State Capitol. The State insisted that they were entitled to receive only three million acres because the contract with Abner Taylor to build the capitol called for only three million acres and not for a particular tract of land.

We find nothing in the Findlay case applicable to the issues before us. Because the deeds were not properly acknowledged before a notary public, the appellants admit they have no claim to the North 200 acres used by appellees as their homestead. Even if we assume that the appellants were entitled to an undivided one-half of the mineral interest in and under the 320 acre tract, the loss of the 200 acres by reason of the defects in the deeds, leaves the appellants with nothing more than a breach of contract, compensable in a suit for damages. Hynes et al. v. Packard, 92 Tex. 44, 45 S.W. 562; Casey v. Jones et ux., Tex.Civ.App., 189 S.W.2d 515.

In presenting their cross assignments of error, the appellees contend that appellants are not entitled to recover any interest in the half section, not even the one-half mineral interest in the South 120 acres awarded them by the trial court, without first reforming and correcting the deeds upon which they rely to sustain their action of trespass to try title.

A review of the record reveals that the appellants in support of their cause of action introduced the deeds whereby the appellees conveyed to Farmers Royalty Holding Company and G. T. Blankenship (appellants' predecessors in title) portions of the mineral interest in and under the following described land: "The West one-half of Section 7, Block A-4, Abstract 1304, E. M. Harp Survey, * * * containing 320 acres more or less * * *"

■ To overcome the fact that the deeds describe land in Section 7, while the land owned by appellees is in Section 70, appellants introduced various exhibits to show that the other descriptions contained in the deeds, i. e., Block A-4, Abstract 1304, E. M. Harp Survey, were sufficient to designate the West one-half of Section 70. We have carefully examined each of these exhibits. They are of no assistance in locating the land. They leave its location vague, indefinite, uncertain and not such a description as could be applied to any particular tract of land. Without reforming the two deeds the descriptions contained in them are not sufficient to support an action in trespass to try title.

■ This court has held that a suit to correct or reform a deed, because of latent ambiguity or mutual mistake, and a suit in trespass to try title may be brought in the same proceedings. However, before the land or mineral rights can be recovered, there must be a satisfactory showing that the deed should be corrected or reformed because of latent ambiguity or mutual mistake. Moreover, it has been held that the right to relief by reformation is subject to the statute of limitation. Texas Osage Cooperative Royalty Pool, Inc., et al. v. Colwell et ux., Tex.Civ.App., 205 S.W.2d 93, writ refused n. r. e.; Hamilton v. Green, Tex.Civ.App., 166 S. W. 97; Cleveland State Bank et al. v. Gardner et al., Tex.Com.App., 286 S.W. 173.

■ As the descriptions now read, the appellants, in our opinion, are not entitled to recover under their action of trespass to try title for the reason that the deeds which they introduced and relied upon are unambiguous and plainly call for the West half of Section 7. In order for appellants to recover any portion of the mineral interests underlying the West half of Section 70, the appellants must plead and satisfactorily show that the deeds should be corrected or reformed because of latent ambiguity or mutual mistake. If, however, the appellants are barred by the statute of limitation from obtaining a correction of the deeds by reformation, then they are not entitled to recover in their action of trespass to try title. The appellants did not plead or prove that the deeds should be corrected because of latent ambiguity or mutual mistake. The appellees did plead the four-year statute of limitation in bar of appellants' recovery.

■ To evade the action of the limitation statute, the appellants point out that the contract of employment correctly describes the land in controversy. As we have seen above, the contract and the deeds were signed by the Harps at the same time. The contract recites that Harp and his wife have "executed two (2) deeds: one to the Company and one to G. T. Blankenship conveying the interests above described and said deeds are to be delivered and to become effective at once." The contract describes the land as being in Section 70. Such language, the appellants contend, constitutes a confirmation and ratification of the two mineral conveyances. We cannot agree with appellants in this contention. The contract involved in this case is similar with the one discussed in Farmers Royalty Holding Company et al. v. Anglin et ux., 205 S.W. 2d 410, 411, decided by the Court of Civil Appeals at Texarkana, wherein the court declares that the transaction as a whole represents an executory contract on the part of the appellees to convey certain mineral interest for acts to be done in the future, such as a minimum of 5,000 acres to be obtained for the pool at the same

price per acre and these to be "selected according to its location by the company to be organized." In this case Blankenship did not sign the contract which provides that "not less than 5,000 acres full mineral right, and not more that 500,000 acres full mineral right" shall be obtained for the pool at the same price per acre as those obtained from the Harps; and it was understood that "one individual may put in more * * * acreage provided it is not adjacent to the first tract put in by him and provided its location is such as to be advantageous to the Company to be organized." There is nothing to show that such a pool was organized nor is there anything in the record to show that all of the obligations imposed on Blankenship or the Company have been discharged. A person suing on a contract must show that he has complied with all of the obligations imposed on him by the contract. The appellants have failed to make such a showing.

■ The deeds introduced by the appellants clearly call for the West half of Section 7. The other instruments and exhibits introduced by the appellants fail to locate the tract of land in controversy as the West half of Section 70. The contract is executory in nature and the appellants have failed to plead or prove a performance of the contract. Since that portion of the judgment favoring the appellee Stanolind Oil and Gas Company is not attacked by either the appellants or the appellees Harp and wife, this court will presume that the trial court's findings and judgment is correct in so far as the Stanolind Oil and Gas Company is concerned. Finney v. Finney, Tex.Civ.App., 164 S.W. 2d 263, ref. w. m.; Burgess et al. v. Sylvester et ux., 143 Tex. 25, 182 S.W.2d 358; Seymour v. Texas & N. O. R. Co., Tex. Civ.App., 209 S.W.2d 814, writ refused. Therefore, judgment of the trial court is affirmed that appellants take nothing as to the North 200 acres of the West one-half of Section 70. The judgment of the trial court awarding appellants one-half of the mineral rights in the South 120 acres of the above described land is reversed and rendered that appellants take nothing by this suit. That portion of the court's judg-

ment which recognizes the validity of the lease held by the appellee Stanolind Oil and Gas Company on the North 200 acres of the land in controversy is not disturbed on this appeal.