BASIN OPERATING CO., LTD., et
al., Appellants,

v.

VALLEY STEEL PRODUCTS
CO., Appellee.

No. 20504.

Court of Civil Appeals of Texas,
Dallas.

July 20, 1981.

Rehearing Denied Sept. 10, 1981.

Tom B. Ramey, Jr., Mike Hatchell, Ramey, Flock, Hutchins, Jeffus, McClendon & Crawford, Tyler, for appellants.

James A. Kilgore, Kilgore & Kilgore, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and STOREY, JJ.

GUITTARD, Chief Justice.

This litigation began as a suit by Valley Steel Products Company against Basin Operating Company, Ltd. for a debt arising from Basin's purchase of certain pipe used in drilling oil and gas wells. This claim is not disputed except with respect to Basin's liability for prejudgment interest. The principal question in the case arises from Basin's counterclaim for breach of warranty with respect to other pipe purchased by Basin from a third party, which, in turn, ordered it from Valley. Certain individuals designated "third-party plaintiffs" (although they are more nearly in the position of intervenors) joined with Basin in the counterclaim, apparently on the theory that as investors and owners along with Basin of the well in which the warranted pipe was used, they were the real parties in interest in purchasing the warranted pipe and in claiming damages for breach of the warranty. A jury trial on the issues raised by the counterclaim resulted in a verdict favorable to Basin and its investors. The court rendered judgment for Valley against Basin on the main claim, together with prejudgment interest, but disregarded certain jury findings and rendered judgment for Basin and its investors in an amount unsatisfactory to them. Valley has filed cross-points asserting that all recovery on the counterclaim should be denied. We conclude that the court erred in disregarding the jury findings. Consequently, we reverse the judgment and remand the cause with instructions to render judgment on the verdict.

*Factual Background*

The principal controversy is raised by disputed inferences and opinions based on facts established without dispute. Basin is a limited partnership which undertook the drilling of a well in the Douglas Field in Nacogdoches County. The "third-party plaintiffs" had invested in this enterprise, but were not members of the limited partnership. Because of the depth of the proposed well and certain techniques anticipated for fracturing the gas-bearing formation, Basin required pipe capable of withstanding high internal pressures. It ordered the pipe from Bell Supply Company, which, in turn, ordered it from Valley. On a direct inquiry by Basin's engineer, Valley's representative gave assurance that the pipe ordered was a grade of pipe capable of withstanding high internal pressures. Valley delivered the pipe directly to Basin. Each joint of pipe was stenciled "Test 7,000."

After the well was drilled to the prescribed depth, the pipe was cemented in the hole. When a preliminary pressure test was made, one joint of the pipe burst at approximately 4,400 pounds per square inch. At some expense the failed joint, which was above the cemented section, was cut out,

and the pipe was reconnected. Another test was undertaken, with similar results. Basin then removed and replaced most of the pipe above the cement, but decided that since it could not remove the cemented pipe, the high-pressure fracturing operation could not be safely carried out. Accordingly, it undertook a diminished fracturing operation at a lower pressure. This operation was not successful in obtaining production in paying quantities. Consequently, Basin abandoned operations at that depth and completed a shallower well producing a relatively small volume of gas. The counterclaim asserts damages for the cost of repairing the damages caused by the failure of the pipe on the two tests and also for its loss of the income which it would have realized from the well if the fracturing operation had been accomplished as originally planned.

In response to special issues, the jury found that Valley failed to test the pipe at seven thousand pounds per square inch pressure before delivering it to Basin (issue seven), that the bursting of the pipe on the pressure tests was a proximate cause of Basin's inability to complete the well as a commercial gas well at the depth originally planned (issue eight), that $150,000 would reasonably compensate Basin for its inability to complete the well as a commercial gas well at that depth (issue nine), and that the reasonable and necessary cost to Basin of the remedial work done on the well as a proximate result of the bursting of the pipe was $61,000 (issue ten).

Valley filed a "motion for relief with respect to judgment," asserting that the jury's findings in answer to issues seven, eight, and nine should be disregarded for lack of evidence to support them and, accordingly, that Basin and its investors be denied recovery of the $150,000 damages found. The motion prays that any recovery of damages because of the remedial work be limited to approximately $56,000.

The trial court granted Valley's motion, denied recovery of the $150,000 damages found by the jury, but rendered judgment for Basin and its investors in proportion to

their interests for $54,634.23 and for an attorney's fee in an amount found by the court. The damages of the individual investors were trebled under the Deceptive Trade Practices Act. Valley was awarded judgment against Basin for $24,907.40, the uncontested amount of the original debt, with interest from January 1, 1976. Basin and its investors have appealed, and Valley has filed cross-points complaining of the trebling of the damages awarded to the investors.

### Evidence Supporting Findings

■ Basin and its investors contend that the court erred in disregarding the jury's findings to issues seven, eight and nine because there is evidence to support these findings. Valley responds that these issues were properly disregarded because there is no evidence of a causal relation between its failure to test the pipe, if it did fail, and Basin's failure to obtain commercial production as a result of the fracturing operation. We recognize that there is no direct evidence of Valley's failure to test the particular joints of pipe that burst, of the causal relation between the failure of the pipe and the failure of the well, or of the value of the well if a fracturing operation had been carried out as originally planned. The findings rest on inferences and opinions, but we cannot say that these inferences and opinions, when contrary inferences and opinions are disregarded, do not form a reasonable basis for the findings. *Garza v. Alviar*, 395 S.W.2d 821, 824 (Tex.1965). Consequently, we hold that there was at least some evidence to support the jury's findings. In this connection we note that Valley does not complain that the charge did not submit the correct measure of damages.

Valley urges certain "counter-points and cross-points" asserting that the court correctly disregarded the findings in answer to issues seven, eight and nine because these findings were "against the great weight and preponderance of the evidence." Valley's counsel argues that these points are proper under the following provision of rule 324 of the Texas Rules of Civil Procedure:

When judgment is rendered non obstante veredicto or notwithstanding the findings of a jury on one or more special issues, the appellee may bring forward by cross-point contained in his brief filed in the Court of Civil Appeals any ground which would have vitiated the verdict or would have prevented an affirmance of the judgment had one been rendered by the trial court in harmony with the verdict, including although not limited to the ground that one or more of a jury's findings have insufficient support in the evidence or are against the overwhelming preponderance of the evidence as a matter of fact, . . . .

However, Valley does not pray that the cause be remanded for a new trial on these grounds, and on oral argument, counsel expressly disavowed any request for a new trial.

 In this state of the record, we cannot consider any of these cross-points. If there is some evidence (more than a scintilla) supporting the jury's finding, the trial judge cannot properly disregard it in rendering judgment, even though it is against the overwhelming weight and preponderance of the evidence. *Gulf, Colorado & Santa Fe Railway Co. v. Deen,* 158 Tex. 466, 312 S.W.2d 933, 937 (1958); *Everman Corporation v. Haws & Garrett General Contractors, Inc.,* 578 S.W.2d 539, 542–43 (Tex.Civ.App.—Fort Worth 1979, no writ); *Frost v. Sun Oil Co.,* 560 S.W.2d 467, 476 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ). He may, however, grant a new trial on that ground. *Chemical Cleaning, Inc. v. Chemical Cleaning & Equipment Service, Inc.,* 462 S.W.2d 276, 277 (Tex.1970); *Gulf, Colorado & Santa Fe Railway Co. v. Deen, supra* at 937; *Hudson v. Gaines,* 501 S.W.2d 734, 736 (Tex.Civ.App.—Corpus Christi 1973, no writ). By the same reasoning, if the appellate court finds that there is some evidence to support a disregarded finding, it cannot affirm the judgment on the ground that the finding is contrary to the overwhelming weight and preponderance of the evidence; it must reverse and render judgment on the verdict unless the appellee presents cross-points under rule 324 assert-

ing grounds for a new trial. *Miller v. Bock Laundry Machine Co.,* 568 S.W.2d 648, 652 (Tex.1977); *Jackson v. Ewton,* 411 S.W.2d 715, 717 (Tex.1967). By such a cross-point the appellee may assert that a disregarded finding is contrary to the overwhelming weight and preponderance of the evidence. *Westbrook v. Reed,* 531 S.W.2d 890, 894 (Tex.Civ.App.—Amarillo 1975, writ ref'd n. r. e.); *Muro v. Houston Fire & Casualty Ins. Co.,* 329 S.W.2d 326, 333 (Tex.Civ.App.—San Antonio 1959, writ ref'd n. r. e.). In this case, since we find that there is some evidence to support each of the three disregarded findings, and Valley expressly disclaims any request for a new trial, we reverse the judgment insofar as it denied recovery for the $150,000 damages found by the jury, and remand the cause with instructions to render judgment on the verdict for Basin and its investors for this amount.

### Additional Expenses

Basin complains that the trial court erred in failing to render judgment in its favor for $45,531.09 as additional expenses it incurred in attempting to complete the well at the depth originally projected. Most of the evidence of these expenses was excluded and appears in this record as a bill of exceptions. Basin contends that the excluded evidence establishes its right to recover these expenses as a matter of law.

 We overrule this contention because we have no authority to render judgment on evidence excluded by the trial court. *First National Bank of Wichita Falls v. Fite,* 131 Tex. 523, 115 S.W.2d 1105, 1110 (1938); *Nast v. San Antonio, U & G Ry.,* 261 S.W. 1011, 1013 (Tex.Comm'n App. 1924, holding approved). When the evidence was excluded, Valley had no duty to rebut it and we do not know what rebuttal might have been offered if the evidence had been admitted. Basin's remedy for erroneous exclusion of evidence is a remand for a new trial. *Baldwin v. Willis,* 253 S.W.2d 287, 294 (Tex.Civ.App.—Beaumont 1952, writ ref'd n. r. e.). No such remedy is sought here.

## Prejudgment Interest

Basin complains that the trial court erred in awarding Valley prejudgment interest on its uncontested claim of $24,907.40, beginning January 1, 1976, because Valley filed its suit before the debt was due. It acknowledges that ordinarily in a suit on an open account, interest is recoverable from the first of the year following that in which the account was made, under article 5069–1.03 of the Texas Revised Civil Statutes, as it stood prior to its amendment in 1979, 1967 Tex.Gen.Laws, ch. 274, § 2, at 609, but argues that this statute does not apply when the creditor repudiates the terms of the account before the due date. In that situation, Basin contends that the debtor is justified in withholding the funds and insisting on a judicial determination of the amount due.

We overrule this contention also. Article 5069–1.03 makes no exception for suits filed prematurely. The premature filing did not prejudice Basin's right to avoid liability for interest by tendering whatever amount was properly due. Since Basin made no such tender, but withheld money admittedly due on the account, interest began to run from the first of the year following under the clear provisions of the statute prior to the 1979 amendment. *See Houston Sash & Door Company, Inc. v. Heaner*, 577 S.W.2d 217, 221 (Tex.1979); *Windhorst v. Adcock Pipe & Supply*, 547 S.W.2d 260, 261 n. 2 (Tex.1977); *McDonald v. Watkins*, 353 S.W.2d 905, 909 (Tex.Civ.App.—Fort Worth 1962, no writ).

## Treble Damages

By cross-point Valley complains that the trial court erred in trebling the damages recovered by the individual investors for the cost of the remedial work because there was no privity of contract between it and these parties. It argues that under the Deceptive Trade Practices Act as it stood before the effective date of the 1975 amendment, 1973 Tex.Gen.Laws, ch. 143, § 1, privity may not have been required for recovery of actual damages, but, since treble damages is in the nature of a penalty, they should not be assessed in the absence of a clear legal requirement, which cannot be found in the original Act. Valley relies on *Texas Processed Plastics, Inc. v. Gray Enterprises, Inc.*, 592 S.W.2d 412 (Tex.Civ. App.—Tyler 1979, no writ), which held that privity is necessary in order to assert rights under an express warranty, but recognizes that contrary holdings were made in *Indust-Ri-Chem Laboratory, Inc. v. Par-Pak Co.*, 602 S.W.2d 282 (Tex.Civ.App.—Dallas 1980, no writ), and *Barthlow v. Metcalf*, 594 S.W.2d 143 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ dism'd).

We find no basis in the Act for a requirement of privity to invoke the penalties of the Act for breach of warranty. Section 17.50(a)(2) provides that a consumer may maintain an action "if he has been adversely affected by ... a failure *by any person* to comply with an express or implied warranty." [Emphasis added.] 1973 Tex.Gen. Laws, ch. 143, § 1, at 326. Under the Act as it stood before the 1975 amendment, treble damages were mandatory in the event of any recovery under the Act. *Woods v. Littleton*, 554 S.W.2d 662 (Tex. 1977).

This holding with respect to treble damages applies to the recovery by the investors for the $150,000 loss of income found by the jury in answer to issue number nine, as well as to the recovery allowed by the trial court for the remedial work. Basin concedes that under the Act as it stood before the 1975 amendment, no recovery of treble damages was allowed to corporations and partnerships. Consequently, only the individual investors are allowed this relief, in proportion to their interests.

## Judgment

For the reasons stated, the judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to render judgment on the verdict in accordance with this opinion.