**FOSTER, HENRY, HENRY & THORPE, INC., Appellant,**

v.

**J.T. CONSTRUCTION COMPANY, INC., Appellee.**

No. 08–90–00033–CV.

Court of Appeals of Texas, El Paso.

March 13, 1991.

Rehearing Overruled April 10, 1991.

Charles E. Anderson and Gregory C. Anderson, Anderson & Anderson, El Paso, for appellant.

Larry W. Hicks and James A. Mounts, Hicks, Ray & McChristian, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

OPINION

OSBORN, Chief Justice.

This appeal raises the question of whether an architect can enforce an indemnity agreement with a contractor to recover

costs incurred in defending a suit filed by a property owner for damage resulting from work performed by the contractor in accordance with plans prepared by the architect. We conclude that the indemnity agreement is valid and can be enforced. We reverse and remand.

In 1985, the El Paso Rehabilitation Center entered into a contract with J.T. Construction Company to build a new facility. The architectural firm of Foster, Henry, Henry & Thorpe, Inc. was employed to prepare the plans for the new building. The adjoining property, owned by Lewis Roe, was damaged as the result of a substantial rainfall in July 1986. Suit was filed against both the contractor and architects alleging that they negligently failed to protect the construction site. The architects sought indemnity from the contractor for the cost of its defense under the terms of the agreement between the owner and the contractor. That agreement provided in part:

> To the fullest extent permitted by law, the Contractor shall indemnify and hold harmless the Owner and the Architect and their agents and employees from and against all claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from the performance of the Work, provided that any such claim, damage, loss or expense (1) is attributable to ... injury to or destruction of tangible property ... and (2) is caused in whole or in part by any negligent act or omission of the Contractor ... regardless of whether or not it is caused in part by a party indemnified hereunder.

The trial court directed a verdict that the architects take nothing on their claim for indemnity and submitted a fault issue to the jury, and it found that the negligence of the contractor and a third party proximately caused the damage to Roe and apportioned the negligence 90 percent to J.T. Construction, zero percent to Foster, Henry, Henry & Thorpe and 10 percent to the third party. The contractor and the third party previously settled with the owner. Judgment was entered denying the claim of the owner against the architects and denying their claim for indemnity against the contractor.

■ By two points of error, the architects contend the trial court erred in excluding their evidence as to their expenses and attorney's fees in defending this suit and in granting the motion for directed verdict because under the contract with the owner, the architects were entitled to be reimbursed for such fees and expenses. In an appeal from a directed verdict, the appellate court must view the evidence in the light most favorable to the appealing party. *Qantel Business Systems, Inc. v. Custom Controls Company*, 761 S.W.2d 302 (Tex. 1988).

■ Courts will not create a third-party beneficiary contract by implication and the obligation must be clearly and fully spelled out or enforcement will be denied. *MJR Corporation v. B & B Vending Company*, 760 S.W.2d 4 (Tex.App.—Dallas 1988, writ denied). In that case, the Court noted that a benefit to the third party must have been within the contemplation of the contracting parties. Certainly, that requirement is met in this case. The contractor agreed to indemnify two parties, the owner who was having the work performed and the architects, who were preparing the plans for the work to be performed. The agreement spelled out the indemnity agreement. It was to cover losses and expenses, including attorney's fees. Those damages were recoverable if there was an injury to or destruction of tangible property and if such loss or destruction was caused by a negligent act or omission of the contractor. Based upon the jury findings, the contractor's negligence, and not that of the architects, was the proximate cause of the damages to the adjoining property owner. That was the very thing the indemnity provision was to cover, the negligent acts or omissions of the contractor. The indemnification provisions provide that the obligation of the contractor shall not extend to the liability of the architect arising out of the preparation or approval of maps, drawings, opinions, reports, surveys, change orders, designs or specifications or the giving

of or the failure to give directions or instructions by the architect provided that such act or omission is the primary cause of the injury or damage. That provision can have no application where the jury found no fault upon the part of the architects. This is not a case where a party seeks indemnity for its own negligence as in *Ethyl Corporation v. Daniel Construction Company*, 725 S.W.2d 705 (Tex.1987).

Although Appellee contends the Appellant made no objection to the granting of the motion for directed verdict, the judgment specifically recites that following the granting of the motion, "FOSTER, HENRY, HENRY & THORPE, INC. excepted to the Order by the Court and gave notice of its intent to appeal the Order."

 The Appellee also asserts that the indemnity provision in the construction contract is void and unenforceable under the provisions of Chapter 130 of the Civil Practice and Remedies Code which was adopted in 1987. First, we note that the provisions in that chapter of the Code were nonsubstantive additions to and codification of prior statutes. Act of May 25, 1987, ch. 167, 1987 Tex.Gen.Laws 1338, 1352. The prior statute was Tex.Rev.Civ.Stat.Ann. art. 249d (Vernon 1973). That statute and the codified provision of Tex.Civ.Prac. & Rem. Code Ann. § 130.005 (Vernon Supp.1991), provide that "this Act shall not" and "[t]his chapter does not" apply to a contract or agreement in which an architect is indemnified from liability for the "negligent acts of the contractor" or those employed by a contractor. Thus, we conclude that the provisions of Section 130.002, Civil Practice and Remedies Code, which makes certain indemnity clauses in favor of architects void and unenforceable, has no application in this case for two reasons. That very section of the Code makes the indemnity void where the damage is caused by conduct of the architect. This is not such a case. In addition, Section 130.005 specifically states that this chapter does not apply where the indemnity is for the negligent acts of the contractor. This is such a case.

We conclude that the trial court erred in granting the motion for directed verdict and entering a take-nothing judgment against the architects in the claim for indemnity against the contractor. Although evidence was offered to prove the attorney's fees and other expenses incurred by the architects in the defense of this litigation, that evidence was excluded and appears in the record in a bill of exception. This Court cannot render judgment for an appellant on evidence excluded by the trial court, although it might have been justified in doing so if the evidence excluded had been admitted. *J.M. Abott Oil Co. v. San Antonio Brewing Ass'n.*, 104 Tex. 574, 141 S.W. 517 (1911); *Baldwin v. Willis*, 253 S.W.2d 287 (Tex.Civ.App.—Beaumont 1952, writ ref'd n.r.e.). Points of Error Nos. One and Two are sustained.

That part of the judgment of the trial court which provides that Foster, Henry, Henry & Thorpe, Inc. take nothing by its third-party claims and that J.T. Construction Company, Inc. recover its cost from Foster, Henry, Henry & Thorpe, Inc. is reversed and remanded to the trial court.